FILED
U.S. District Court
District of Kansas
01/27/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNETTE CRAWLEY,

        Petitioner,

v.                                CASE NO. 25-3274-JWL

MARK ROBERSON, Sheriff,

        Respondent.

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was confined at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). Petitioner alleges that she has no charges in Johnson County but is being held on a detainer issued by Clay County, Missouri, and has refused extradition. (Doc. 3, at 1.) Petitioner further alleges that she was previously detained under the same detainer for the same charges, and the case was dismissed when she refused extradition and no Governor's warrant was obtained. *Id*. at 2.

Petitioner filed a motion for leave to proceed in forma pauperis (Doc. 4) but failed to include the financial information required by D. Kan. Rule 9.1(g)(2)(A). On January 5, 2026, the Court entered a Notice of Deficiency (Doc. 5), ordering Petitioner to supply the missing financial information.

The Court's Notice of Deficiency was mailed to Petitioner at the JCADS—her address of record. The Notice of Deficiency was returned to the Court with a notation indicating that it was

unable to be forwarded.  Pursuant to the Johnson County Sheriff's Office, Petitioner was released from custody on January 7, 2026.

Petitioner is obligated to update the Court of her change of address.  The Court's Local Rules provide that pro se parties "must notify the clerk of any change of address or telephone number."  D. Kan. Rule 5.1(b)(3).  The Court will grant Petitioner an opportunity to show good cause why her Petition is not moot due to her release.  Petitioner should also show good cause why this matter should not be dismissed for failure to prosecute and failure to provide a change of address as required by the Court's Local Rules.   Failure to respond by the deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **February 27, 2026,** in which to show good cause why this case should not be dismissed for the reasons set forth in this Order to Show Cause.

**IT IS SO ORDERED**.

Dated January 27, 2026, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
