IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
03/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**ANNETTE CRAWLEY,**

          **Petitioner,**

v.                                                      CASE NO. 25-3274-JWL

**MARK ROBERSON, Sheriff,**

          **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was confined at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). Petitioner alleges that she has no charges in Johnson County but is being held on a detainer issued by Clay County, Missouri, and has refused extradition. (Doc. 3, at 1.) Petitioner further alleges that she was previously detained under the same detainer for the same charges, and the case was dismissed when she refused extradition and no Governor's warrant was obtained. *Id*. at 2.

Petitioner filed a motion for leave to proceed in forma pauperis (Doc. 4) but failed to include the financial information required by D. Kan. Rule 9.1(g)(2)(A). On January 5, 2026, the Court entered a Notice of Deficiency (Doc. 5), ordering Petitioner to supply the missing financial information.

The Court's Notice of Deficiency was mailed to Petitioner at the JCADS—her address of record. The Notice of Deficiency was returned to the Court with a notation indicating that it was

1

unable to be forwarded.  Pursuant to the Johnson County Sheriff's Office, Petitioner was released from custody on January 7, 2026.

The Court entered an order to show cause dated January 27, 2026 ("OSC") (Doc. 7), directing Petitioner to provide her current address and show cause by February 27, 2026, why this matter should not be dismissed without prejudice.  Petitioner has not responded to the OSC, and the copy of the OSC mailed to her was returned to the Court.  (*See* Doc. 8.)

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Petitioner has failed to comply with the OSC by the Court's deadline.  Therefore, the Petition is dismissed without prejudice pursuant to Rule 41(b).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is **denied** as moot.

**IT IS SO ORDERED**.

**Dated March 2, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
